598 So.2d 603 (1992)
Kermit RUSH
v.
EMPLOYERS NATIONAL INSURANCE COMPANY, et al.
No. 91-CA-1433.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 1992.
Rehearing Denied June 17, 1992.
*604 Eric A. Bopp, Edward S. Bopp, A Law Corp., Arabi, for plaintiff/appellant.
Esmond Phelps, II, Stone, Pigman, Walther, Wittman & Hutchinson, New Orleans, for defendants/appellees.
Before WARD and ARMSTRONG, JJ., and RUDY EASON, J. Pro Tem.
ARMSTRONG, Judge.
Plaintiff, Kermit Rush, appeals a trial court judgment in favor of defendants, Joseph Barreca and his insurer, Employees National Insurance Company, dismissing his suit for personal injuries, finding him entitled only to worker's compensation benefits *605 under the Louisiana Worker's Compensation Act (LWCA).[1] We now affirm.
This suit arose out of an accident which occurred on August 30, 1984 in which the plaintiff suffered permanent damage to his left arm. Plaintiff was hired by Joseph Barreca, d/b/a Imperial Tile Company, Inc., to perform some work on a duplex owned by Barreca at 2327 Liccardi Lane in St. Bernard Parish. Plaintiff stated that he was hired to paint the interior walls of the duplex and sweep the floors. On the date of accident, plaintiff was painting the kitchen of the duplex. He had positioned a five foot bench, provided by Barreca, next to some kitchen cabinets. He was standing with one foot on the bench and the other on the kitchen counter in order to paint a top corner area of the wall. Suddenly, the bench began shaking and plaintiff lost his balance and fell through a glass door situated behind the bench. The muscles in plaintiff's left arm were severely cut and rendered disabled.
Plaintiff was hired by Barreca two days before the accident, August 28, 1984. In connection with his employment, Barreca's bookkeeper filled out a W-2 form in plaintiff's name and returned it to Barreca. Plaintiff was to be paid $5.00 per hour for the job on Liccardi Lane. He was eventually paid $100 for working 20 hours on the job prior to his accident. He was paid by check which was drawn on the Imperial Tile Co. account. Barreca was president of Imperial Tile Co. at the time. He had taken out two insurance policies issued to himself, d/b/a Imperial Tile Co. One of the insurance policies was written by the St. Bernard Insurance Agency as the Westmoreland Casualty, a worker's compensation policy issued to Joseph Barreca, d/b/a Imperial Tile Co., Inc.
At trial, plaintiff sought to characterize himself as an independent contractor not engaged in work which was part of Barreca's trade, business, or occupation, and thus entitled to recover tort damages from Barreca. In its reasons for finding in favor of defendants the trial court stated:
In the instant case, there is no question that the plaintiff was clearly working with his hands in the employment of Joseph Barreca d/b/a Imperial Tile Company, Inc., who was also engaged in other businesses. Mr. Rush was employed in the course and scope of his employment, therefore, his exclusive means of recovery remains in Workman's [sic] Compensation.
The Court feels that the employment of Mr. Rush was one in the usual trade, business and occupation of Imperial Tile Company, Inc. Subsequently, his argument to avoid the exclusivity of Worker's Compensation is without merit.
On appeal, plaintiff raises three assignments of error. He contends that the trial court erred:
1) in finding that plaintiff was an employee of Barreca;
2) in finding that the employment of plaintiff was one in the usual trade, business, or occupation of Imperial Tile Works, Inc.; and
3) in concluding that plaintiff's sole remedy for his injury fell exclusively within the provisions of the Louisiana Worker's Compensation Act.
In reviewing worker's compensation cases a court should construe the LWCA with an end to including a worker within its ambit of protection. This principle must be "equally applied" when an injured person seeks exclusion from the act in order to recover damages in tort. Munday v. Department of Health and Human Resources, 580 So.2d 493 (La.App. 4th Cir. 1991), reversed on other grounds, 593 So.2d 346 (La.1992); Schmolke v. Krauss Company, Ltd., 217 So.2d 789 (La.App. 4th Cir.1969). At the time of plaintiff's accident and injury, La.R.S. 23:1031 provided that an employee is entitled to worker's compensation benefits if he "receives personal injury by accident arising out of and in the course and scope of his employment." If covered under the LWCA, compensation benefits are the employee's sole remedy against his employer. La.R.S. 23:1032.
*606 Plaintiff seeks exclusion from coverage under the LWCA as an independent contractor, which La.R.S. 23:1021(6) defines as:
[A]ny person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of this principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
Under La.R.S. 23:1021(6), an independent contractor is covered under the LWCA only when a substantial part of his work time is spent in manual labor carrying out the terms of his contract with the principal and the work performed by him is a part of the principal's trade, business or occupation. Lushute v. Diesi, 354 So.2d 179 (La.1977).
It is difficult to ascertain from the trial court's reasons for judgment whether it found that plaintiff was an employee of Barreca, or whether it found that plaintiff was an independent contractor engaged in manual labor and, pursuant to La.R.S. 23:1021(6), still covered under the LWCA.
To determine whether the relationship between a worker and a principal is that of an employee or an independent contractor, each case must be decided on its own facts, taking into consideration the total economic relationship between the parties. Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736, 738 (La.App. 1 Cir. 1989), writ denied, 553 So.2d 466 (La.1989). The inquiry hinges on "the right to control" the work. It is the right of control that is the essence of the employment relationship. Pitcher, 551 So.2d at 738. In contrast, the term "independent contractor" connotes a freedom of action and choice with respect to the undertaking in question, as well as a legal responsibility on the part of the contractor in the event the agreement is not fulfilled in accord with its covenants. Fuller v. United States Aircraft Insurance Group, 530 So.2d 1282 (La.App. 2nd Cir.1988), writ denied, 534 So.2d 444 (La.1988), cert. denied, 490 U.S. 1046, 109 S.Ct. 1954, 104 L.Ed.2d 424 (1989); Prince v. Baton Rouge General Hospital, 449 So.2d 90 (La.App. 1st Cir. 1984), writ denied, 450 So.2d 966 (La.1984).
In Pitcher, the court considered four factors in determining whether an employer-employee relationship or independent contractor status existed: (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) control. Within each category, there are a number of factors which may be taken into account, weighing either in favor of employee status or independent contractor status.
As to the first factor, selection and engagement, the ultimate power of selection is determinative of status. In this case, that power rested with Joseph Barreca, who was the President of Imperial Tile Co. Thus, since the plaintiff was hired by a company official, employee status would be indicated.
The second factor, payment of wages, turns on whether the individual was paid an hourly wage or on a time basis as opposed to a completed project basis. Fuller, 530 So.2d at 1290. Payment on an hourly rate is a strong indicator of employee status. In this case, plaintiff was paid $5.00 per hour until he completed the job, not a general standard fee for the entire job. In addition, the manner in which the worker is carried on the payroll is also a factor to be taken into consideration. For example, the failure to withhold income taxes, a factor which does not by itself defeat employee status, weighs in favor of independent contractor status. Fuller, 530 So.2d at 1290-1291. Here, the evidence indicates that plaintiff received a W-2 form in the mail with Imperial Tile Co. listed as his employer. However, plaintiff did not receive a W-4 form from the defendant. Thus, this factor seems to be inconclusive on the status issue.
The third factor, power of dismissal, focuses on whether the work undertaken *607 can be discontinued or terminated by either party without a corresponding liability for its breach. The right to terminate a worker's services at will is indicative of control on the principal's part. Pitcher, 551 So.2d at 739. In the case at bar, Barreca testified that there was no doubt in his mind that he could have fired plaintiff at any time.
The final factor, control, is the linchpin of the employer-employee relationship. One element indicative of this type of control is supervision of the work by the principal. Pitcher, 551 So.2d at 739. Here, plaintiff was under the authority of Barreca, as Barreca hired and instructed plaintiff concerning his duties. Another element of control looks to the source of materials and equipment to be used by the worker. When the principal provides the equipment and supplies to perform the job, the relationship is usually one of employment. Fuller, 530 So.2d at 1291. In this case, Barreca provided plaintiff with a bench, brushes, rollers, and all the paint necessary to complete the job. In addition, all of these supplies were charged to Barreca's Imperial Tile account.
Considering the evidence of employee status under the Prince test, we find that an employer-employee relationship did exist between Barreca and plaintiff. Plaintiff was hired by Barreca, who was an officer of Imperial Tile Co. Plaintiff was paid an hourly rate rather than a completed project price. He was paid out of the Imperial Tile Co. account with a payroll check. He could have been dismissed by Barreca at any time. Also, the material used by plaintiff to perform the job was purchased at a hardware store out of an account registered in the name of Imperial Tile Co. The evidence as a whole establishes that an employer-employee relationship existed between plaintiff and Barreca.
Having determined that plaintiff was an employee of Barreca, we must determine whether his injury occurred "by accident arising out of and in the course of his employment." La.R.S. 23:1031. The burden is on the employer to show that the accident arose out of and in the course of employment. Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992); La.R.S. 23:1032. The Louisiana Supreme Court has declined to view the "course of employment" and "arising out of employment" requirements as separate and unrelated concepts. Mundy, supra.
An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer's premises or at other places where employment activities place the employee. Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932). An accident has been held to arise out of employment if the conditions or obligations of the employment caused the employee in the course of employment to be at the place of the accident at the time the accident occurred. Mundy, supra; Kern, supra.
In the instant case, plaintiff was injured when he fell off of a bench while engaged in painting rental property owned by his employer, Barreca. He was on his employer's premises doing the type of work for which he was hired by his employer. Considering the law and the evidence, we find that plaintiff's accident arose out of and in the course of his employment.
Our finding that plaintiff was an employee of Barreca precludes the need for discussion of the independent contractor issue. However, we note that even if plaintiff could be considered an independent contractor, his remedy against Barreca would still be limited to worker's compensation benefits because a "substantial part of his work time," in fact, all of it, "was spent in manual labor" carrying out the terms of his contract with his principal, and this manual labor "was a part of the principal's trade, business or occupation." See La.R.S. 23:1021(6); Lushute v. Diesi, supra. See also Timberlake v. Avis Rent A Car System, 361 So.2d 934 (La.App. 4th Cir.1978) ["the true meaning of the term `manual labor' is to denote work in which the physical element predominates over the *608 mental"]. There is no question but that in the instant case, the work plaintiff was engaged in was a type in which the physical element predominated over the mental. See also Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (1972) [where an employee is injured repairing a building which is leased by an employer/lessor engaged in the business of leasing or renting, the employee is entitled to worker's compensation benefits]. The evidence established that Barreca, in addition to his other business interests, was also engaged in the business of renting property.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] La.R.S. 23:1021 et seq.