|;>AMY, Judge.
The plaintiff filed this action against defendants for personal injuries sustained while painting defendants’ house. The defendants moved for summary judgment alleging that at the time of plaintiffs accident, plaintiff was covered by the Louisiana Workers’ Compensation Act and, thus, barred from seeking damages in tort. The trial court determined that plaintiff was covered by workers’ compensation at the time of his accident and granted the motion for summary judgment in favor of the defendants. The plaintiff appeals the decision, and for the reasons which follow, we reverse.
Factual and Procedural Background
Charles Castille, owner of Castille Properties, entered into an agreement with Raanol Bellard in June of 1995, for Bellard to paint and perform general repairs to various apartments owned by Castille Properties on an as needed basis. In August, after Bellard had painted several apartments for Castille Properties, Charles Castille asked Bellard to paint the exterior of his personal residence. Bellard agreed to scrape and paint Castille’s house for ten dollars an hour until the job was complete. On or about November 6, 1995, Bellard alleges that he was involved in an accident while working at Castille’s residence. Bellard claims that he moved his ladder onto a flowerbed on the right side *791 of the residence and proceeded to climb the ladder to paint. Bellard alleges that the ground gave way causing him to fall to the ground, injuring his back and tailbone.
Bellard filed this tort action against defendants, Charles and Susan Castille and their homeowners insurer, Shelter Insur-. anee Companies, alleging that the Castilles were negligent in failing to keep their property in a proper state of repair and that this negligence resulted in his injuries. The Castilles and Shelter Insurance Companies |seach moved for summary judgment claiming that Bellard’s sole remedy was limited to workers’ compensation benefits and, thus, he was barred from suing in tort. Defendants alleged that at the time of the accident, Bellard was either an employee of the defendants and was injured in the course and scope of his employment or, alternatively, plaintiff was an independent contractor who spent a substantial part of his time performing manual labor carrying out the terms of his contract with the principal, and that the manual labor performed was a part of the principal’s trade, business, or occupation. After a hearing on the merits, the trial court granted the summary judgment finding that “the Plaintiff’s status is that of an independent contractor, such that his sole remedy against Defendants is limited to workers’ compensation benefits because [a] substantial part of his work time was spent in manual labor carrying out the terms of his contract with the principal, and this manual labor was a part of the principal’s trade, business or occupation.... ”
Bellard appealed the judgment claiming that the trial court was erroneous, as a matter of law, in finding that the work performed at Castille’s personal residence was in furtherañee of Castille’s trade, business, or occupation.
Discussion of the Merits
Bellard contends that the trial court’s determination that he was an independent contractor at the time of the accident was correct. However, he asserts that the painting of the Castilles’ residence was not part of the principal’s trade, business, or occupation and, therefore, he is not covered by the applicable provisions of the Louisiana Workers’ Compensation Act (LWCA).
An appellate court reviews summary judgments de novo, under the same criteria which governs the trial court’s determination of whether summary judgment |4is appropriate. Delphin v. Montealegre, 98-700 (La.App. 3 Cir. 4/7/99); 732 So.2d 757, writ denied, 99-1370 (La.7/2/99); 747 So.2d 21. A motion for summary judgment, “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law.” La,Code Civ.P. art. 966(B).
La.Code Civ.P. art. 966(C)(2) explains that:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will ■ be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
The defendants argue that summary judgment is appropriate because Bellard is barred by the LWCA from bringing an action in tort for the injuries he received while painting the defendants’ house.. Moreover, the defendants contend that, regardless of whether Bellard is determined to be an employee or indepen *792 dent contractor, this tort action is barred by the LWCA.[1]
| ¡¡After a review of the briefs submitted and hearing the oral arguments by both parties, the trial court determined that, at the time of the accident, Bellard was an independent contractor.
La.R.S. 23:1021(6) sets forth the statutory definition for independent contractor. It states:
“Independent contractor” means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
The Louisiana Supreme Court explained in Hickman v. Southern Pacific Transport Co., 262 La. 102, 117, 262 So.2d 385, 390 (1972) that:
It is well understood by the courts of this State that the term independent contractor connotes a freedom of action and choice with respect to the undertaking in question and a legal responsibility on the part of the contractor in case the agreement is not fulfilled in accordance with its covenants. The relationship presupposes a contract between the parties, the independent nature of the contractor’s business and the nonexclusive means the contractor may employ in accomplishing the work. Moreover, it should appear that the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to the control and direction, in the performance of the service, of his employer, except as to the result of the services to be rendered. It must also appear that a specific price for the overall undertaking is agreed upon; that its duration is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483 (1955).
See Riles v. Truitt Jones Constr., 94-1224 (La. 1/17/95); 648 So.2d 1296.
| ¡¡In the instant matter, Bellard testified at his deposition that, prior to his employment with Castille Properties, he was a self-employed handyman. Bellard contends that, in June of 1995, he and Castille began a working relationship wherein Castille would call upon him if and when Castille needed an apartment painted and if repair work was needed for any of the apartments owned by Castille Properties. Bellard stated in his affidavit to the court that he had an agreement to paint the two and three bedroom apartments- for a prearranged fee. Bellard av *793 ers that he was paid per job and that he received payment at the completion of each job. Further, Bellard claims that at no time while he was performing work for Castille Properties did Castille pay Social Security benefits on Bellard or withhold any state or federal income tax. There also appear in the record several checks written to Raanol Bellard which have “Contract labor” indicated on them. Further, Bellard explained in his deposition that, while painting apartments for Castille Properties, he was free to come and go as he pleased. The only direction given to Bellard in performing his work was the address of the apartment that needed to be painted and what color it was to be painted.
The statements made by Bellard in characterizing his working relationship with Castille, on behalf of Castille Properties, are supported by the record and are uncontested by the defendants. Accordingly, we find no error in the trial court’s conclusion that Bellard falls within the definition of an independent contractor as set forth above at the time he agreed to work for Castille at his personal residence. Bel-lard worked specific jobs for Castille Properties on an as needed basis. He was not exclusively employed by Castille Properties. Bellard was paid by the job for 17which Castille merely controlled the result of the job and not the means by which Bellard accomplished the result.[2]
Moreover, at the time Castille entered into an agreement with Bellard to paint his personal residence, the parties reached a new agreement whereby Bellard would paint the Castilles’ residence for ten dollars an hour until the work was completed. Bellard stated that he provided the brushes, sawhorse, ladder, rollers and scraping material, whereas Castille provided the paint and roller covers. Here, too, there is no evidence that an employment contract was entered into or that a set schedule for completion of the work existed. Bellard contends that he worked when he could and was paid in accordance with the hours he worked. Therefore, the record supports that at the time of the accident, Bellard was acting as an independent contractor.
Although we find no error in the trial court’s determination that Bellard was an independent contractor, we do not agree with the trial court that this matter is controlled by the LWCA. As noted above, La.R.S. 23:1021(6) states that independent contractors “are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the Isifldependent contractor is expressly covered by the provisions of this Chapter.” Further, the Louisiana Supreme Court, in Lushute v. Diesi, 354 So.2d 179, 182 (La.1977), has explained that:
[A]n independent contractor is covered under the workmen’s compensation law only when a substantial part of his work time is spent in manual labor in carrying out the terms of his contract with the principal and the ivork performed by him is a part of the principal’s trade, business or occupation.
*794 (Emphasis added). See Guidry v. Gueydan Coop. Dryer, Inc., 97-874 (La.App. 3 Cir. 12/10/97); 706 So.2d 146 (on rehearing), writ denied, 98-1001 (La.5/29/98); 720 So.2d 335.
Thus, for the defendants to prevail on the motion for summary judgment, they must show that Bellard not only spent a substantial amount of time in manual labor but that the work performed by him at the time of injury was a part of Castille’s trade, business, or occupation.
The defendants, as well as Bellard, concede that painting a house is manual labor. The supreme court stated in Riles, p. 10; 648 So.2d at 1300, that: “The jurisprudence has uniformly defined ‘manual labor’ as work where the ‘physical’ element predominated over the ‘mental’ element.” In this case, the work Mr. Bellard was engaged in involved painting and scraping the exterior of a house. We find no error in the trial court’s conclusion that the work performed in the instant matter meets the test described.
However, as explained above, the analysis does not end with a determination that Bellard is an independent contractor who is engaged in manual labor. The defendants must further show that the work being performed was part of the principal’s trade, business, or occupation. See Lushute, 354 So.2d 179.
|9The defendants vaguely address this portion of the independent contractor exception analysis and basically rely on the findings of the trial court. Under the facts of this case, we do not find that the work performed by Bellard in painting the Cas-tilles’ private residence was part of the Castilles’ trade, business, or occupation. Mr. and Mrs. Castille are the owners and operators of apartments. There is no evidence that Mr. and Mrs. Castille use their home, or any part of their personal residence, in furtherance of their apartment leasing business. Therefore, we conclude that the defendants have failed to prove that Bellard was performing work which was part of the trade, business, or occupation of the Castilles at the time the accident occurred. . Accordingly, we conclude that, as to the accident at issue in this case, Bellard is not covered by the LWCA under the manual labor exception to the independent contractor statute as currently interpreted by Louisiana jurisprudence.
DECREE
For the foregoing reasons, the judgment granting the defendants’ motion for summary judgment is reversed and this matter is remanded for further proceedings. All cost of this appeal are assessed to the defendants-appellees, Charles and Susan Castille, and Shelter Insurance Companies.
REVERSED AND REMANDED.

. The defendants contend that subsequent to the filing of this tort action, Bellard filed a workers’ compensation claim stating that he was injured in the course and scope of his employment with Mr. Castille. In their brief, Defendants argue that this court should recognize the filing of this claim form as a judicial admission of his status at the time of the accident. La.Civ.Code art. 1853 provides, in part: "A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.” However, in a tort suit in which a previously filed workers’ compensation claim was at issue, the Louisiana Supreme Court stated "such an ‘extra-judicial’ confession does not bind the claimant in subsequent litigation.” Alexis v. Metro. Life Ins. Co., 604 So.2d 581, 582 (La.1992). See also Taylor v. Sider, 95-1561 (La.App. 4 Cir. 12/14/95); 665 So.2d 1283, appeal after remand, 97-1841 (La.App. 4 Cir. 4/29/98); 714 So.2d 783, writ denied, 98-1769 (La.10/9/98); 726 So.2d 406; Cadle Co. v. Dumesnil, 610 So.2d 1063 (La.App. 3 Cir.1992), writ denied, 613 So.2d 992 (La.1993). We find no appreciable difference in the fact that the "extrajudicial admission” claimed by the defendants was filed subsequent to that filed in tort.

. Defendants asserted that the present matter is similar to Lewis v. Teacher’s Pet, Inc. 621 So.2d 867 (La.App. 3 Cir.), writ denied, 629 So.2d 1140 (La.1993), where a panel of this court found that an employee was entitled to workers' compensation benefits after the employee was injured while performing odd jobs at the president of the corporation's house. Lewis is distinguishable from the present matter because we have determined that Bellard was an independent contractor at the time he agreed to paint the Castilles’ residence. The Lewis court reasoned that: “the employer or person in authority has explicit power to enlarge the normal course of the employee's employment by assigning particular tasks or duties. Once the superior exercises this authority, the employee has no practical choice but to perform the assigned task." Id. at 870. We find this rationale inapplicable to the circumstances regarding the negotiations between an independent contractor and a principal.