ROLAND L. BELSOME, Judge.
liPIaintiff, Marcus Steinfelds, appeals the judgment of the Office of Workers’ Compensation (“OWC”), granting a motion for summary judgment in favor of defendants, David Villarrubia and Degas House, L.L.C., and denying plaintiffs cross-motion for summary judgment, thereby dismissing plaintiffs workers’ compensation claim with prejudice. For the reasons that follow, we reverse and remand.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
Plaintiff filed a Disputed Claim for Compensation against defendants[1] asserting that on January 21, 2008, he severely injured his ankle[2] when he fell from scaffolding while performing carpentry work at the Degas House. The Degas House, a historic museum/guest house, is operated by Degas House, L.L.C. Mr. Villarrubia is the sole member of Degas House, L.L.C. and he is the sole owner of the property.
Simultaneous with the filing of the workers’ compensation claim, plaintiff filed a tort suit in the Civil District Court against Mr. Villarrubia and his insurer, alleging that plaintiff was an invitee to defendants’ property and that his injury was |2caused by the defective and ruined condition of the premises. The action makes no mention of an employment relationship. That suit is still pending.
Defendants filed a motion for summary judgment on the basis that plaintiff could not satisfy his evidentiary burden of proof at trial because he offered no evidence to show that he was an employee of defendants. In support of the motion for summary judgment, defendants relied on the judicial confession made by plaintiff in the tort suit.(wherein he claimed only to be an invitee) and on statements of fact made by Mr. Villarrubia in his deposition.
Plaintiff filed a cross motion for summary judgment asserting that he was entitled to workers’ compensation either as an employee of defendants or as an independent contractor performing manual labor in the ordinary course of defendants’ businesses. In support of his cross motion for summary judgment, plaintiff also relied on Mr. Villarrubia’s deposition testimony.
Mr. Villarrubia explained in his deposition that the Degas House property consists of two adjoining buildings, 2300 and 2306 Esplanade Avenue in New Orleans. The building located at 2306 houses the Degas House museum/guest house. The building located at 2300 contains Mr. Vil-larrubia’s office, from which he runs the Degas House and manages his commercial *1278 real estate holdings. The building at 2300 also contains commercial spaces, which Mr. Villarrubia rents out. Mr. Villarubia also lives on the property. Plaintiff was injured while performing repairs to 2300.
Mr. Villarrubia testified that he personally hired plaintiff, on the recommendation of one of his painters, to replace some rotten boards on the ceiling of the rear porch at 2300. He stated that he hired plaintiff as an independent contractor to perform the work for a set price of $500.00, to be paid upon | scompletion of the job. Mr. Villarrubia explained that he provided the replacement boards, but plaintiff was responsible for all of his own materials, tools, and equipment. Mr. Vil-larrubia stated that he did not give plaintiff a deadline (plaintiff indicated the project would take five to six days) and he did not tell plaintiff when to come to work or how to perform the work. He further explained that plaintiff requested an additional $50.00 to cover the cost of renting scaffolding. Mr. Villarrubia agreed, even though he considered the cost of any equipment to be included in the price of the job. Plaintiffs fall from the scaffolding, which occurred on the second day of the job, is not in dispute.
Mr. Villarrubia testified that he had two regular employees, one that worked in the office and one that worked in the Degas House. Other office personnel had been employed off and on. He stated that he had a general maintenance man who worked on call, mainly to handle air conditioning and electrical issues. Mr. Villarru-bia further stated that he hired his own subcontractors, rather than use a general contractor, to make repairs to the buildings when needed. Mr. Villarrubia occasionally performed some of the work himself.
On March 8, 2010, after hearing argument of counsel and considering the record, the OWC granted summary judgment in favor of defendants and denied plaintiffs cross motion for summary judgment, finding that plaintiff was not entitled to workers’ compensation because he was “not an employee.” Plaintiffs timely appeal followed.
STANDARD OF REVIEW
Ordinarily, in workers’ compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC’s findings of fact is the “manifest error-clearly wrong” standard. Dean v. Southmark Construction, 2003 1051, p. 7 (La.7/6/04), 879 So.2d 112, 117; See also MacFarlane v. Schneider Nat. Bulk Carriers, Inc., 2007-1386, p. 3 (La.App. 4 Cir. 4/30/08), 984 So.2d 185, 188. However, because the issues before us have been raised in a summary judgment proceeding, we must review the ruling de novo, using the same criteria applied by the OWC. Caoral v. Winn-Dixie Louisiana, Inc., 2005-1482, p. 4 (La.App. 1 Cir. 6/9/06), 938 So.2d 799, 801; Guidry v. Stabil Drill Specialist, 2005-1562, p. 3 (La.App. 3 Cir. 5/3/06), 929 So.2d 814, 816.
In Lingoni v. Hibernia Nat. Bank, 2009-0737, pp. 4-5 (La.App. 4 Cir. 3/3/10), 33 So.3d 372, 375, this Court reiterated the standard of review on a motion for summary judgment as follows:
Favored in Louisiana, the summary judgment procedure ‘is designed to secure the just, speedy, and inexpensive determination of every action’ and shall be construed to accomplish these ends. An appellate court reviews a district court’s decision granting summary judgment de novo, using the same standard applied by the trial court in deciding the motion for summary judgment. Under this standard, summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, *1279 if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
Id. (citations omitted).
LAW AND ANALYSIS
In reviewing workers’ compensation cases a court should construe the Louisiana Workers’ Compensation Act with an end to including a worker within its ambit of protection. Rush v. Employers Nat. Ins. Co., 598 So.2d 603, 605. (La.App. 4 Cir.1992).
In the instant appeal, plaintiff argues that the OWC erred in failing to find that plaintiff was entitled to workers’ compensation either as an employee or as an independent contractor performing manual labor that is part of the principal’s trade |sor business pursuant to La. R.S. 23:1021(7).[3] For the reasons set forth below, we find merit in plaintiffs argument.
The OWC judge determined that plaintiff was not entitled to workers’ compensation because he was not an employee of defendants. However, it is evident from the record that the OWC judge failed to address whether plaintiff was entitled to workers’ compensation pursuant to the “manual labor exception” for independent contractors set forth in La. R.S. 23:1021(7). Our de novo review of the record will address whether plaintiff is entitled to workers’ compensation as either an employee or as an independent contractor under the manual labor exception.

Judicial Admission:

At the outset, we note from the transcript of the proceedings that the OWC judge rejected defendants’ argument that plaintiff should be bound by the judicial admission (that plaintiff was an invitee rather than an employee) made in connection with his tort action. We find no error in that determination.
A judicial confession is a declaration made by a party in a judicial proceeding. It constitutes full proof against the party who made it, is indivisible, and may be revoked only on the ground of error of fact. La. C.C. art. 1853. However, in Alexis v. Metropolitan Life Ins. Co., 604 So.2d 581 (La.1992), the Louisiana Supreme Court considered whether plaintiffs allegation in his workers’ compensation suit that he was disabled as a result of a work-related accident constituted a judicial admission against him in a subsequent suit wherein he sought benefits under an insurance policy. The Court determined the allegation in the | ^earlier workers’ compensation suit was not a judicial admission with conclusive effect in the later proceeding. The Court stated:
The Louisiana jurisprudence is clear that such an “extra-judicial” confession does not bind the claimant in subsequent litigation. The party who has made such an admission in a previous suit is not barred from denying the facts contained in that admission in a subsequent suit, unless the adverse party has been prejudiced by his reliance upon that admission. Rather, the admission is to be given the probative value it deserves as an admission of the party who made it.
Id., at 582 (citations omitted). See also Bellard v. Castille, 99-1161, p. 4 (La.App. 3 Cir. 12/8/99), 759 So.2d 789, 792.

Employment Status:

Ordinarily, an employee’s exclusive remedy against his employer for an on-the-job injury is workers’ compensation. La. R.S. *1280 23:1032. La. R.S. 23:1044 provides that “[a] person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter,” thereby creating a statutory presumption of employment status. Hillman v. Comm-Care, Inc., 2001-1140, p. 6, (La.1/15/02), 805 So.2d 1157, 1161.
The presumption contained in La. R.S. 23:1044 is based upon the employer/employee relationship, “the essence of [which] is the right to control.” Hillman, 2001-1140, p. 8, 805 So.2d at 1162. The four primary factors evidencing the right to control are: 1) selection and engagement; 2) payment of wages; 3) power of dismissal; and 4) power of control. Id. None of these factors alone is determinative of an employer/employee relationship. Rather, the totality of circumstances must be considered. Tate v. Progressive Sec. Ins. Co., 2008-0950, p. 8 (La.App. 4 Cir. 1/28/09), 4 So.3d 915, 920.
 The alleged employer bears the burden of proof in overcoming the presumption set forth in La. R.S. 23:1044 and showing that a worker was not his ^employee for workers’ compensation purposes. Campora v. Falstaff, L.L.C., 2001-2014, p. 3 (La.App. 4 Cir. 6/12/02), 823 So.2d 389, 391. “An alleged employer can rebut this presumption by either (i) establishing that the services were ‘not pursuant to any trade, business, or occupation (e.g., construction of one’s private residence)’; or (ii) establishing that ‘the individual was performing services but was doing so as an independent contractor.’ ” Whitlow v. The Shreveport Times, 2002-1215, p. 2 (La.App. 3 Cir. 4/23/03), 843 So.2d 665, 667, citing 1 Denis Paul Judge, Louisiana Workers’ Compensation, § 7:6.
The distinction between employee and independent contractor status is a factual determination, made on a case-by-case basis, taking into consideration the total economic relationship between the parties and the various factors weighing either in favor of or against an employer-employee relationship. Course v. Fox Wolff Const., 2008-0058, p. 4 (La.App. 5 Cir. 5/27/08), 987 So.2d 277, 280. In determining whether the relationship is one of principal and contractor, the courts consider the following factors: 1.) There is a valid contract between the parties; 2.) The work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; 3.) The contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods without being subject to the control and direction of the principal, except as to the result of the services to be rendered; 4.) There is a specific price for the overall undertaking; and 5.) Specific time or duration is agreed upon and not subject to termination at the will of either side without liability for breach. Id., citing Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (La.1972).
Un the present case, it is undisputed that plaintiff was hired to perform a single project for an agreed upon duration and specific price. Moreover, Mr. Villarrubia’s statements that: 1) he provided no tools, equipment, or materials (other than the replacement boards) to plaintiff; 2) he exercised no control over how or when plaintiff performed the work; and 3) he did not direct or supervise plaintiffs work, are uncontroverted. Applying the factors set forth in the jurisprudence to determine employment status, we find the evidence clearly demonstrates that plaintiff was acting as an independent contractor. Accordingly, we find no error in the OWC’s determination that plaintiff was not defendants’ employee. However, the *1281 analysis does not end there. We must now address whether plaintiff came within the manual labor exception of La. R.S. 23:1021(7), which would allow plaintiff to qualify for workers’ compensation.
La. R.S. 23:1021(7) allows workers’ compensation coverage for a certain type of independent contractor engaged in manual labor for a substantial part of the work time (and La. R.S. 23:1032 allows tort immunity to that type of independent contractor’s “employer”). Moss v. Tommasi Const, Inc., 2009-1419, p. 8 (La.App. 3 Cir. 5/5/10), 37 So.3d 492, 498; Flenilcen v. Entergy Corp., 2000-1824 (La.App. 1 Cir. 2/16/01), 780 So.2d 1175. La. R.S. 23:1021(7) provides, in pertinent part:
“Independent contractor” means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
|aIn 13 H. Alston Johnson III, Louisiana Civil Law Treatise: Workers’ Compensation Law And Practice [Malone & Johnson] § 71 at 126 (3d ed.1994), it is noted that the determination of the status of independent contractor has been a difficult one. Employers may label certain employees as independent contractors in order to avoid paying compensation. Id. The author opines that the 1948 amendment to La. R.S. 23:1021(6) [now La. R.S. 23:1021(7)] was designed to address this problem by allowing certain independent contractors to receive compensation “who spent a substantial portion of the work time carrying out the contract in manual labor.” Id. at 126 n. 3. “Thus, it is the substance of the relationship and not the label used which determines whether an independent contractor recovers workers’ compensation benefits.” Fleniken, 2000-1824, p. 21, 780 So.2d at 1190.
In Lushute v. Diesi, 354 So.2d 179, 182 (La.1977), the Louisiana Supreme Court held that in order for an independent contractor to be covered under the “manual labor exception”, he must show that a substantial part of his work time is spent in manual labor in carrying out the terms of his contract with the principal and the work performed by him is part of the principal’s trade business or occupation. (Emphasis added). See also Miller v. Higginbottom, 33,594, p. 6 (La.App. 2 Cir. 6/21/00), 768 So.2d 127, 131; Guidry v. Gueydan Co-op. Dryer, Inc., 97-874, p. 4 (La.App. 3 Cir. 12/10/97), 706 So.2d 146, 150 (on rehearing). Moreover, the jurisprudence has uniformly defined “manual labor” as work where the “physical” element predominates over the “mental” element. Riles v. Truitt Jones Construction, 94-1224 (La.1/17/95), 648 So.2d 1296, 1300.
In this case, plaintiffs work as a carpenter (replacing and painting rotten boards) was entirely physical in nature. Thus, there is no question that the work | ^plaintiff was engaged in was a type in which the physical element predominated over the mental as set forth in Riles. The only remaining question is whether the work performed by plaintiff at the time of his accident was part of defendants’ trade, business or occupation.
The only statutory definition for what work is to be considered a part of the “principal’s trade, business, or occupation” is found in La. R.S. 23:1061 (dealing with statutory employment status and providing *1282 guidance as to when a contractor’s employee, rather than the contractor himself, may recover under the principal’s workers’ compensation liability)[4]. See Miller, 33,-594, p. 7, 768 So.2d at 132; Guidry, 97-874, p. 4, 706 So.2d at 150. La. R.S. 23:1061(A)(1), as amended in 1997, now provides that “work shall be considered part of the principal’s trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.” It is generally recognized that the definition provided in the 1997 amendment to La. R.S. 23:1061 mandated a more liberal interpretation of the statutory employer relationship. Prejean v. Maintenance Enterprises, Inc., 2008-0364, p. 6 (La.App. 4 Cir. 3/25/09), 8 So.3d 766, 780; Everett v. Rubicon, 2004-1988, p. 11 (La.App. 1 Cir. 6/14/06), 938 So.2d 1032, 1041; Loflin v. International Paper Co., 34,976, p. 2 (La.App. 2 Cir. 8/22/01), 793 So.2d 533, 535.
The determination of whether a particular activity constitutes a part of the trade, business, or occupation of a principal must be decided on the facts of each case. Tolstonog v. Muller Restaurant Supply, 430 So.2d 243 (La.App. 4 Cir. 1983).
In Fonseca v. Marlin Marine Corp., 410 So.2d 674, 677 (La.1981), the Louisiana Supreme Court stated:
We recognize that an individual may have several different businesses, and we look to the facts of each particular case to determine whether or not construction, renovation or repair work is connected with the trade, business or occupation of the employer. Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (1972). Generally, we have held that where the building being repaired or constructed houses the business or business equipment of the employer, or is leased by an employer engaged in the business of leasing or renting, the employee injured while working thereon is entitled to workmen’s compensation benefits. On the other hand, where the employee is injured while working on property of the employer which has no connection with the employer’s business, he is not covered by the workmen’s compensation law. (Footnotes omitted.)
In Ross v. Oak Manor Farms, 96-1070, (La.App. 5 Cir. 9/17/97), 700 So.2d 906, Dennis Ross filed a claim for workers’ compensation alleging that he was employed by defendant, Kenny Lobell, d/b/a Oak Manor Farms, as a carpenter who engaged in renovation and repair work at Oak Manor Farms. Lobell, owner of Oak Manor Farms, argued that Oak Manor Farms was his personal residence and that Ross was a subcontractor who was engaged in the renovation of Lobell’s personal home, and thus was not covered under the Louisiana Workers’ Compensation Law.
Ross testified that he was a carpenter and had worked for Lobell on several repair and renovation projects, including a saloon and apartments that Lobell owned in New Orleans. Lobell purchased Oak Manor Farms, which was a twenty-six acre farm with a main house, two small houses, and two large barns. Ross performed carpentry work on all of the structures. He testified that Lobell was renovating the house to live in and was renovating the barn to board his girlfriend’s horses and other horses. About four or five months *1283 before Ross’s accident, the |12main house burned. Lobell did not live in the house before or after the fire. After the fire, the main house was not rebuilt. On the day of his injury, Ross testified he had finished hanging shutters on the barn and was hanging matching shutters on the adjacent small house when he fell.
Lobell testified that his principal occupation was running the saloon in New Orleans and Ross’s activities in renovating the farmhouse were unrelated to that business. Lobell testified that his girlfriend and her friend had around eight horses in the barn at any given time, with occasional additional paying horses that belonged to their friends. He testified that the horse business did not become significant until after Ross left.
The OWC denied Ross’s claim for compensation. The appellate court reversed, ruling that the OWC was clearly wrong in finding that Ross’s work in hanging shutters on the small house and barn was not a part of Lobell’s trade, occupation or business so as to entitle him to workers’ compensation benefits. The court determined that despite his statement that his business was the saloon, Lobell clearly had the additional business of the horse boarding at Oak Manor Farms and the general preparation of the property as a commercial enterprise.
In Ross, the court noted:
For the purposes of workers’ compensation liability, if a person not in the construction business undertakes to act as his own general contractor, it does not necessarily follow as a matter of law that such a person is, or is not, in the construction business and thus liable to injured workers under the workers’ compensation law; that is a question of fact to be determined under the circumstances of each case. LSA-R.S. 23:1035; Chamberlin v. Desoto, 463 So.2d 58 (La.App. 3 Cir.1985), writ den. 466 So.2d 470 (La.1985). The test is whether the person’s services were a substantial, essential and recurring part of the defendant’s regular business. Id.
Ross,' 96-1070, p. 6, 700 So.2d at 908-909.
In Rush v. Employers Nat. Ins. Co., 598 So.2d 603 (La.App. 4 Cir.1992), plaintiff, Kermit Rush, was hired by Joseph Barreca, d/b/a Imperial Tile Company, Inc., to perform some work on a duplex owned by Barreca. Rush was paid on an hourly basis to paint the interior walls of the duplex and sweep the floors. On the second day of the job, Rush fell from a bench while painting and was seriously injured.
The trial court dismissed Rush’s tort action finding that Rush’s claim fell within the Louisiana Workers’ Compensation Act. This Court affirmed, finding Rush to be an employee of Barreca. However, pertinent to our analysis in the present case, we further held in Rush that:
Our finding that plaintiff was an employee of Barreca precludes the need for discussion of the independent contractor issue. However, we note that even if plaintiff could be considered an independent contractor, his remedy against Bar-reca would still be limited to worker’s compensation benefits because a “substantial part of his work time,” in fact, all of it, “was spent in manual labor” carrying out the terms of his contract with his principal, and this manual labor “was a part of the principal’s trade, business or occupation.” See La.R.S. 23:1021(6); Lushute v. Diesi, supra.
Rush, 598 So.2d at 607.
In the present case, defendants conducted multiple businesses from the Esplanade Avenue property. Mr. Villarrubia, as the sole member of Degas House, L.L.C., was engaged in the business of managing the *1284 Degas House, which included the operation of a bed and breakfast, as well as renting the house for weddings and other functions. It is undisputed that Mr. Villarru-bia also managed his commercial real estate holdings from the building where plaintiff was working at the time of his accident. Additionally, the building contained commercial rental units, which defendants managed. Finally, the record reflects that Mr. Villarrubia often acted as 114his own general contractor in hiring subcontractors to perform repairs and renovations as needed on the property.
It is evident from the record that defendants used the property in furtherance of the multiple businesses conducted there. It is also evident that the repair and renovation of the buildings was essential to the operation of the various businesses and was a part of defendants’ day-to-day routine.
CONCLUSION
Based on our de novo review of the record, we find that plaintiffs accident is covered under the manual labor exception to the independent contractor statute as currently interpreted by the jurisprudence. The evidence supports the conclusion that at the time of his accident, plaintiff was an independent contractor who spent a substantial amount of his time in manual labor and further, that the work performed by plaintiff was an integral part of defendants’ trade, business or occupation.
Accordingly, we find that the OWC erred in dismissing plaintiffs workers’ compensation claim. The judgment of the OWC is reversed, and the matter is remanded for further proceedings.
REVERSED AND REMANDED.

. Defendants do not have workers' compensation insurance.

. Plaintiff's claim itemizes $168,712.78 of medical expenses incurred in connection with his ankle injury.

. La. R.S. 23:1021(7) was previously designated as section (6) prior to the 2004 amendments to the statute.

. The Louisiana Supreme Court in Lushute, adopted the trade, business or occupation test from La. R.S. 23:1061.