Cesar R. Burgos, Robert J. Daigre, Gabriel O. Mondino, George M. McGregor, BURGOS & ASSOCIATES, L.L.C., 3535 Canal Street, Suite 200, New Orleans, LA 70119, COUNSEL FOR PLAINTIFF/APPELLANT
Eric Oliver Person, ATTORNEY AT LAW, 1539 Jackson Avenue, Suite 100, New Orleans, LA 70130, COUNSEL FOR DEFENDANT/APPELLEE
(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)
Judge Roland L. Belsome *79 This is an appeal from a ruling by the Office of Workers' Compensation ("OWC"). The OWC ruling determined that the appellant, Federico Martinez was not entitled to workers' compensation benefits.
The following facts of the case were detailed in a previous appeal to this court:
Federico Espinoza Martinez was hired to perform work for Jarislov Rames. Mr. Martinez was lowering a washer/dryer combination unit from a second floor apartment with the help of four other people. Mr. Martinez testified that he received a laceration on his hand when one of the cords used to lower the unit "just busted or I don't know exactly how it happened, causing the unit to come down all of the [sic] sudden." He and the others completed lowering the unit and then he informed Mr. Rames of his injury. Mr. Rames drove Mr. Martinez to the emergency room and paid the initial emergency room fee of $500 to ensure Mr. Martinez received treatment. Mr. Martinez's laceration required stitches. When Mr. Martinez arrived to collect his pay, Mr. Rames deducted a portion of the $500 emergency room fee from Mr. Martinez's earnings. Mr. Rames informed Mr. Martinez that he would deduct the remainder of the fee from future earnings. Mr. Martinez did not speak to Mr. Rames after the reduction of his pay.[1]
Thereafter, Mr. Martinez filed a Disputed Claim for Compensation asserting that he was owed workers' compensation benefits for his injuries. After a hearing on the issue, the OWC found that Mr. Martinez was an independent contractor, not an employee of Mr. Rames, and benefits were denied.
On appeal to this Court, Mr. Martinez maintained that the OWC erred by failing to apply the manual labor exception to the independent contractor doctrine.[2] In that appeal, this Court remanded the matter to the OWC for a determination on the manual labor exception. On remand, the OWC found that the facts of this case did not fall within the manual labor exception set forth in La. R.S. 23:1021(7).[3] We disagree.
In the instant appeal, the sole issue before the Court is whether the facts and circumstances in this case support the application of the manual labor exception.
*80 Appellate courts' standard of review for the OWC's findings of fact is manifest error/clearly wrong.[4]
As stated in La. R.S. 23:1021(7), an independent contractor is covered by the provisions of workers' compensation when a substantial part of his work time is spent performing manual labor. The Louisiana Supreme Court has held that for an independent contractor to be covered under the manual labor exception, it must be shown that a substantial part of his work is spent performing manual labor in carrying out the terms of his contract with the principal and the work is essential to the principal's trade, business, or occupation.[5] The case law has consistently defined manual labor as work where the physical element outweighs the mental element.[6] "The determination of whether a particular activity constitutes a part of the trade, business, or occupation of a principal must be decided on the facts of each case."[7]
This Court was presented with similar facts in Steinfelds v. Villarubia . In that case, Mr. Villarubia was engaged in several business activities involving a property known as the Degas House, a historic museum/guest house in New Orleans. Mr. Villarubia hired Mr. Steinfelds as a contract laborer to perform carpentry work at a building on site. While performing the work, Mr. Steinfelds was injured when he fell from scaffolding. In Steinfelds, this Court noted that it is not just the title of independent contractor that determines if workers' compensation benefits are available; it is the substance of the relationship between the contractor and the principal.[8] This Court found that Mr. Steinfelds was performing manual labor and the manual labor exception applied because "the repair and renovation of the buildings was essential to the operation of the various businesses" Mr. Villarubia was managing. Thus, Mr. Steinfelds' work was an essential part of Mr. Villarubia's trade, business, or occupation.
Likewise, in the instant case, Mr. Martinez did carpentry and maintenance work for Mr. Rames. Mr. Martinez's work was clearly more physical than mental which meets the criteria for manual labor. The next inquiry is whether the work being performed at the time of Mr. Martinez's injury was part of Mr. Rames' trade, business, or occupation. The record established that Mr. Rames is in the business of offering short-term rentals through the website Air B & B. Mr. Martinez testified that he worked at several apartments owned by Mr. Rames. On the day of his injury, Mr. Martinez was moving a washer and dryer from one of Mr. Rames' rental apartments. Mr. Martinez explained that the scope of his work that day was to remove the washer and dryer from the apartment, and to open the wall where the washer and dryer was previously housed to increase the space for a larger washer and dryer. Accommodating renters' needs through routine maintenance and site improvements is indisputably a necessary *81 and integral part of operating a short-term rental business.
Based on this record, Mr. Martinez falls within the manual labor exception. Accordingly, we find that the OWC erred in dismissing Mr. Martinez's workers' compensation claim. The judgment of the OWC is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED
BARTHOLOMEW-WOODS, J., CONCURS IN THE RESULT

Martinez v. Rames, 2016-1312, pp. 1-2 (La.App. 4 Cir 7/12/17), 224 So.3d 467, 469-70 ("Martinez I" ).

Martinez I .

La. R.S. 23:1021 (7) defines an independent contractor in part as follows:
"Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. (emphasis added).

Dean v. Southmark Constr., 2003-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117 (citing Brown v. Coastal Constr. & Eng'g, Inc., 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10 ).

Lushute v. Diesi, 354 So.2d 179, 182 (La. 1977).

Steinfelds v. Villarubia, 2010-975, p.9 (La.App. 4 Cir. 12/15/10), 53 So.3d 1275, 1281 (citing Riles v. Truitt Jones Constr., 1994-1224 (La. 1/17/95), 648 So.2d 1296, 1300 ).

Steinfelds , 2010-0975, p. 10, 53 So.3d at 1282.

Steinfelds, 2010-975, p. 9, 53 So.3d 1275, 1281 (quoting Fleniken v. Entergy Corp., 2000-1824 (La.App. 1 Cir. 2/16/01), 780 So.2d 1175 ).