DENNIS R. BAGNERIS, SR., Judge.
11 Plaintiff, Tulane University Hospital and Clinic, appeals the judgment of the Office of Workers’ Compensation (“OWC”) granting an exception of prescription in favor of defendants, Lockheed Martin Corporation and its workers’ compensation insurer, Ace Property and Casualty Insurance Company. For the reasons set forth below, we reverse and remand.
FACTS AND PROCEDURAL HISTORY:
On May 8, 2006, Roynell Williams (“Mr. Williams”) fractured his right foot while working for Lockheed Martin Corporation. Mr. Williams was hospitalized at Tulane University Hospital and Clinic from March 7, 2007 through March 9, 2007, where he underwent surgery on his foot.
On March 21, 2007, plaintiff billed defendants $48,705.52 for Mr. Williams’ medical expenses, which included two charges for implant materials. On April 4, 2007, defendants issued an adjusted payment of $4,085.64, which defendants considered to be in full satisfaction of the bill, except for the implant charges. Defendants maintain that no payment was made on the implant charges at that time because the implant invoices were not submitted with the initial bill and the corresponding implant charges could not be adjusted at that time.
12Plaintiff produced the requisite implant invoices on April 29, 2007. On June 12, 2007, defendants paid $4,199.23 in connection with the implant charges.
On June 3, 2010, plaintiff filed a Disputed Claim for Compensation with the OWC alleging defendants’ underpayment of medical expenses. Plaintiff also asserted a claim for penalties and attorneys’ fees associated with defendants’ alleged failure to properly pay the claim.
On August 18, 2011, defendants answered the complaint and filed an exception of prescription, asserting that plaintiffs claim for underpayment had prescribed. On August 19, 2010, plaintiff amended its original complaint, asserting that the June 12, 2007 payment, issued in connection with the implant charges, was insufficient.
The exception of prescription was brought before the OWC on October 8, 2010. Defendants argued that plaintiffs claim is subject to the three-year liberative prescriptive period set forth for open accounts under La. C.C. art. 3494(4), which commences to run from the day payment is exigible. La. C.C. art. 3495. On that basis, the case would have prescribed in March 2010.
Plaintiff countered that the applicable prescriptive period in this case is set forth in La. R.S. 23:1209(C) of the Louisiana Workers’ Compensation Act (“LWCA”), as follows:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits. (Emphasis added).
| .^Plaintiff submits that pursuant to La. R.S. 23:1209(C), the June 3, 2010 complaint was timely filed within three years of the last payment, which occurred on June 12, 2007.
Judgment was rendered October 11, 2010, granting defendants’ exception of prescription as to plaintiffs claim for underpayment of medical expenses and corresponding claim for penalties and attorneys’ fees. This timely appeal followed.
*990 LAW AND ANALYSIS:
“In worker’s compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC’s findings of fact is the manifest error-clearly wrong’ standard.” Dean v. Southmark Construction, 2003-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117. When legal error interdicts the fact-finding process in a workers compensation proceeding, the de novo, rather than the manifest error, standard of review applies. MacFarlane v. Schneider Nat’l Bulk Carriers, Inc., 2007-1386, p. 3 (La.App. 4 Cir. 4/30/08), 984 So.2d 185, 188. Likewise, interpretation of statutes pertaining to workers’ compensation is a question of law and warrants a de novo review to determine if the ruling was legally correct. Id. Because we find that the trial court committed legal error in failing to properly apply the prescriptive period set forth in La. R.S. 23:1209(C), we review the matter de novo.
Defendants argue that La. R.S. 23:1209(C) is not applicable to plaintiffs claim because the right to recover benefits under the LWCA is personal to the injured employee. Defendants submit that a medical provider’s claim for underpayment is a contractual claim, i.e., a claim on open account, as opposed to a statutory right of recovery.
]4In support of the assertion that the prescriptive period for open accounts applies here, defendants rely on Touro Infirmary v. Amerihealth, 2009-0696 (La.App. 4 Cir. 1/07/10), 34 So.3d 878, where this Court classified plaintiffs medical bill as an open account. However, Touro Infirmary v. Amerihealth is distinguishable from the case sub judice as it did not involve medical services rendered to an injured worker in a workers’ compensation case.
Defendant also cites to the reasons for judgment provided by the OWC in an unrelated matter (Lafayette General Medical Center v. ACI Louisiana, Inc., Docket No. 08-21101, District 04), wherein OWC Judge Shelly Dick considered a medical provider’s claim for underpayment the equivalent of a suit on open account. That ruling from the lower court is not controlling here, nor do we find there to be jurisprudential support for the holding.
Plaintiff argues that Touro Infirmary v. Wm. B. Reily & Co., Inc., 2010-0074 (La. App. 4 Cir. 7/28/10), 44 So.3d 867 supports its position that the prescriptive period set forth in La. R.S. 23:1209(0 applies here. We agree. In Touro Infirmary v. Wm. B. Reily & Co., Inc., the medical provider’s claim for underpayment of medical expenses was undisputedly timely (filed less than two years after the last payment was made). The issue raised in defendant’s exception of prescription was the timeliness of the medical provider’s claim for penalties and attorneys’ fees under La. R.S. 23:1201(F)(4) [1],[2] In that respect, the case is distinguishable. However, in addressing the medical provider’s claim for penalties and attorneys’ fees, this Court unequivocally stated that the medical provider’s |aclaim for underpayment “does not prescribe until three years after the last payment.” Id. at p. 2, 44 So.3d at 869.
In the present case, plaintiffs claim for underpayment of medical services pro *991 vided in connection with Mr. Williams’ work-related injuries clearly arises out of the LWCA. See Baton Rouge General Medical Center v. Liberty Mut. Ins. Co., 2009-0316, p. 4 (La.App. 1 Cir. 9/11/09), 21 So.3d 990, 992, (where the court recognized that a medical provider’s claim against the employer for underpayment of compensation benefits falls within the jurisdiction of the OWC). Moreover, based on our holding in Touro Infirmary v. Wm. B. Reily & Co., Inc., plaintiffs action is controlled by the three-year prescriptive period set forth in La. R.S. 23:1209(C). Because plaintiff filed the claim for underpayment of medicals within three years of the last payment, the action is timely. Consequently, plaintiffs claim for penalties and attorneys’ fees is also timely. This Court has stated that pursuant to La. R.S. 23:1201(F)(4), “[w]hen claims for penalties and attorney fees accompany the claims for benefits, if the underlying claims have not prescribed, neither have the claims for attorney fees and penalties.” Touro Infirmary v. Wm. B. Reily & Co., Inc., 2010-0074, p. 2, 44 So.3d at 869.
For the foregoing reasons, we find the OWC erred in granting the exception of prescription in favor of defendants. Accordingly, we reverse and remand.
REVERSED AND REMANDED

. Under La. R.S. 23:1201(F)(4), a medical provider can bring a claim for penalties and attorneys’ fees if the provider prevailed on the underlying claim for underpayment.

. See also Touro Infirmary v. Silocaf of New Orleans, 2010-0072 (La.App. 4 Cir. 7/28/10), 44 So.3d 862 and Touro Infirmary v. Lowes New Orleans Hotel Corporation and the Phoenix Insurance Company, 2010-0103 (La.App. 4 Cir. 7/28/10), 44 So.3d 869, where this Court rendered virtually identical holdings.