JAMES F. McKAY, III, Chief Judge.
Bln this workers’ compensation matter, the claimant, Brian Chaisson, appeals the judgment of the Office of Workers’ Compensation (OWC) finding that he was an independent contractor for purposes of the Louisiana Workers’ Compensation Act and the dismissal of his claim against the defendant, Louisiana Rock Monsters, LLC. We affirm.
FACTS AND PROCEDURAL HISTORY
On January 11, 2012, Brian Chaisson was injured in a motor vehicle accident on Chef Menteur Highway in New Orleans. At the time of the accident, Mr. Chaisson was driving a truck owned by Louisiana Rock Monsters. Louisiana Rock Monsters is in the concrete crushing business. It sells and delivers aggregate of sand, rock and other things. Mr. Chaisson had been hired by Louisiana Rock Monsters to pick up and haul debris from construction sites to dump sites.
Mr. Chaisson made a worker’s compensation claim seeking medical and indemnity benefits. Louisiana Rock Monsters paid some of Mr. Chaisson’s medical bills. However, no indemnity benefits were ever paid. Louisiana Rock | ¡¡.Monsters based its denial of Mr. Chaisson’s claim on its position that he was an independent contrac *57 tor/truck driver. Thereafter, Mr. Chais-son filed a disputed claim with the OWC.
At trial, Mr. Chaisson testified that he drove a tractor trailer for Louisiana Rock Monsters and that he was paid on per load basis. He also testified that he had no written schedule, and would just go in as he wanted to work. Mr. Chaisson conceded that he did not load the trailer, nor did he do any mechanical work on the tractor trailer; he simply drove from the yard to the job site. He further admitted at trial that he indicated in his deposition that he was an independent contractor; he explained that he was provided an IRS Form 1099 and that no taxes were withheld from his pay by Louisiana Rock Monsters. It was also established that no service contract existed between Louisiana Rock Monsters and Mr. Chaisson.
Following trial, the Office of Workers’ Compensation judge found that Mr. Chais-son was an independent contractor. However, the judge also found that Mr. Chais-son was engaged in manual labor at the time of the accident, so that he would come within the manual labor exception of La. R.S. 23:1021(7), thereby subjecting his claims to the jurisdiction of the Louisiana Workers’ Compensation Act. Louisiana Rock Monsters filed a motion for new trial arguing that driving is specifically excluded from the definition of manual labor in the Workers’ Compensation Act. The OWC judge agreed and therefore granted Louisiana Rock Monsters’ motion for new trial and dismissed the claims of Mr. Chaisson. It is from this judgment that Mr. Chaisson now appeals.
|.,DISCUSSION
On appeal, Mr. Chaisson contends that the OWC judge committed manifest error when she ruled that he was an independent contractor for purposes of the Louisiana Workers’ Compensation Act.
Workers’ Compensation cases are subject to the manifest error standard of review. Poissenot v. St. Bernard Parish Sheriffs Office, 09-2793 (La.1/9/11), 56 So.3d 170, 174. In applying the manifest error-clearly wrong standard of review, the appellate court must not determine whether the trier of fact was right or wrong, but only whether the factfinder’s conclusion was a reasonable one. Id. at 174; Stobart v. State, 617 So.2d 880, 882 (La.1993). Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Id. Thus, “if the [factfinder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556.
The “distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis.” Tate v. Progressive Sec. Ins. Co., 08-0950 (La.App. 4 Cir. 1/28/09), 4 So.3d 915, 916. The Louisiana Supreme Court has developed the following factors to help determine whether an individual is an employee or an independent contractor:
(1) there is a valid contract between the parties; (2) the work being done is of an independent nature such that the contractor may employ non-exclusive 14means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) there is a specific price for the overall undertaking agreed upon; and (5) the *58 duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.
Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385 (1972).
The “essence of the employer-employee relationship is the right to control.” Hillman v. Comm-Care, Inc., 01-1140, p. 8 (La.01/15/02), 805 So.2d 1157, 1162. The primary factors evidencing the right to control are “1) selection and engagement, 2) payment of wages, 8) power of dismissal and 4) power of control.” Id. None of the factors alone is determinative. Rather, the court must consider the totality of the circumstances. See Harrington v. Hebert, 00-1548 (La.App 3 Cir. 5/23/01), 789 So.2d 649, 653; Theodore v. Krazy Korner, 12-0173 (La.App. 4 Cir. 5/23/12), 95 So.3d 572, 574-575.
In the instant case, it is undisputed that Mr. Chaisson was hired each day to perform a specific project for an agreed upon price. Louisiana Rock Monsters exercised no control over how or when Mr. Chaisson performed the work, nor did it direct or supervise Mr. Chaisson’s work. Mr. Chaisson used Louisiana Rock Monsters’ truck and supplies. Louisiana Rock Monsters ensured that all drivers complied with the Department of Labor’s mandatory pre-trip inspections on its trucks. Louisiana Rock Monsters also maintained the trucks. Although no contract existed between Mr. Chaisson and Louisiana Rock Monsters, he was paid using a 1099 form and no employment or other taxes were withheld from his pay. Based on the totality of the circumstances, the OWC judge found that Mr. Chaisson was an independent contractor. We find no error in that finding.
| .¡Initially, the OWC judge found that although Mr. Chaisson was an independent contractor, the manual labor exception should apply. However, the judge granted Louisiana Rock Monsters’ motion for new trial and reversed its finding on this issue.
La. R.S. 23:1021(7) provides:
(7) “Independent contractor” means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines and air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter.
According to this statute, a truck driver such as Mr. Chaisson would not fit under the manual labor exception and would not be covered by the Workers’ Compensation Act. A number of cases have applied this statute and held that truck drivers do not fall under the definition of performing “manual labor.” See Guillory v. Overland Express Company, 01-419 (La.App. 3 Cir. 10/03/01), 796 So.2d 887; Coleman v. Landstar Ranger, 03-1943 (La.App. 1 Cir. 6/25/04), 886 So.2d 472. Therefore, we find nothing manifestly erroneous in the trial court’s finding that Mr. Chaisson did not fall under the manual labor exception.
*59 CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the Office of Workers’ Compensation.
AFFIRMED.