Judge Terri F. Love
|! This appeal arises from injuries plaintiff received when lowering a washer/dryer combination unit from a second floor apartment for defendant. Plaintiff filed a claim in workers’ compensation court contending that he was owed medical expenses and wages that he was unable to earn as a result of his injuries. The workers’ compensation court found that plaintiff was not entitled to damages because he was an independent contractor. Plaintiff appeals contending that even if he was an independent contractor, the manual labor exception made him eligible for workers’ compensation benefits.
We find that the workers’ compensation court erred by finding that plaintiff was not entitled to benefits because he was an independent contractor. Independent contractors may receive workers’ compensation benefits if they perform manual labor for a substantial amount of time and the labor is part of the principal’s trade or business. As such, in the interest of justice, we vacate the workers’ compensation court’s judgment and remand the matter for further proceedings.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Federico Espinoza Martinez was hired to perform work for Jarislov Rames. | gMr. Martinez was lowering a washer/dryer combination unit from a second floor apartment with the help of four other people. Mr. Martinez testified that he received a laceration on his hand when one of the cords used to lower the unit “just busted or I don’t know exactly how it happened,” causing the unit to “come down all of the [sic] sudden.” He and the others completed lowering the unit and then he informed Mr. Rames of his injury. Mr. Rames drove Mr. Martinez to the emergency room and paid the initial emergency room fee of $500 to ensure Mr. Martinez received treatment. Mr. Martinez’s laceration required stitches. When Mr. Martinez arrived to collect his pay, Mr. Rames deducted a portion of the $500 emergency room fee from Mr. Martinez’s earnings. Mr. Rames informed Mr. Martinez that he would deduct the remainder of the fee from future *470 earnings. Mr. Martinez did not speak to Mr. Rames after the reduction of his pay.
Mr. Martinez then filed á Disputed Claim for Compensation contending that Mr. Rames owed him workers’ compensation benefits as a result of his injury. The workers’ compensation court conducted a hearing and found that Mr. Martinez was not an employee of Mr. Rames. The workers’ compensation court further found that Mr. Martinez was an independent contractor and was, therefore not entitled to workers’ compensation benefits. Mr. Martinez’s appeal followed.- • ,
Mr. Martinez asserts that the trial court erred by failing to apply the manual labor exception to the independent contractor doctrine.[1]

STANDARD OF REVIEW

Appellate courts review workers’ compensation cases using the manifest error—clearly wrong standard of review. Chaisson v. Louisiana Rock Monsters, LLC, 13-1423, p. 3 (La. App. 4 Cir. 4/2/14), 140 So.3d 55, 57. “In applying the manifest error-clearly wrong standard of review, the appellate court must not determine whether the trier of fact was right or wrong, but only whether the factfinder’s conclusion was a reasonable one.” .Id. A choice between two permissible views of the evidence cannot be wrong. Id. “Thus, ‘if the [factfinder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.’” Id., quoting Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840, p. 8 (La. 7/1/97), 696 So.2d 551, 556.
However, “[w]hen legal error interdicts the fact-finding process in a workers’ compensation proceeding, the de novo, rather than the manifest error, standard of review applies.” Baker v. Harrah’s, 15-0229, pp. 6-7 (La. App. 4 Cir. 3/9/16), 190 So.3d 379, 386, writ denied, 16-0659 (La. 5/27/16), 192 So.3d 743. “Likewise, interpretation of statutes pertaining to workers’ compensation is a question of law and warrants a de novo review to determine if the ruling was legally correct.” Tulane Univ. Hosp. & Clinic v. Lockheed Martin Corp., 11-0179, p. 3 (La. App. 4 Cir. 6/29/11), 70 So.3d 988, 990.

EMPLOYMENT STATUS

“The distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis.” Tate v. Progressive Sec. Ins. Co., 08-0950, p. 2 (La. App. 4 Cir. 1/28/09), 4 So.3d 915, 916.
The Louisiana' Supreme Court has developed the following factors to help determine whether an individual is an employee or an independent contractor:
“(1) there is a valid contract between the parties; (2) the work being done is of an independent nature . such that the | contractor may employ non-exclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according, to the independent contractor’s own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) there is a specific price for the overall undertaking agreed upon; and (5) the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side *471 without a corresponding liability for its breach.”
Chaisson, 13-1423, pp. 3-4, 140 So.3d at 57-58(quoting Hickman v. S. Pac. Transp. Co., 262 La. 102, 262 So.2d 385 (1972)). “The ‘essence of the employer-employee relationship is the right to control.’ ” Chaisson, 13-1423, p. 4, 140 So.3d at 58 (quoting Hillman v. Comm-Care, Inc., 01-1140, p. 8 (La. 1/15/02), 805 So.2d 1157, 1162). “The primary factors evidencing the right to control are 1) selection and engagement, 2) payment of wages, 3) power of dismissal and 4) power of control,’ ” Id. Not one factor alone is determinative. Chaisson, 13-1423, p. 4, 140 So.3d at 58. “[T]he court must consider the totality of the circumstances.” Id.
La. R.S. 23:1021(7) defines an independent contractor as:
any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual lábor by him in carrying out the terms | of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. The operation of a truck tractor or truck tractor trailer, including -fueling, driving,- connecting and disconnecting electrical lines and air hoses, hooking and' unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter.
|5(emphasis added). The workers’ compensation court judge found that Mr. Martinez was not entitled to benefits because he was an independent contractor. However, he erred by concluding the analysis without further examination.

MANUAL LABOR EXCEPTION

Generally, independent contractors are not entitled :to workers’ compensation benefits. However, the Louisiana Legislature outlined an exception for manual labor contained in La. R.S; 23:1021(7).' An independent contractor may be covered by the manual labor exception if he demonstrates “that a substantial part of his work time is spent in manual labor- in carrying out the terms of .his contract with the principal and the work performed by him is part of the principal’s trade business or occupation.” Maldonado-Mejia v. Eversound Kitchen & Bath, LLC, 15-0859, p. 6 (La. App. 4 Cir. 4/20/16), 194 So.3d 1136, 1140 (emphasis in original), writ denied, 16-0963 (La. 9/6/16), 205 So.3d 914.
' “The jurisprudence has uniformly defined ‘manual labor’ as work where the ‘physical’ element predominated over the ‘mental’ element.” Riles v. Truitt Jones Const., 94-1224, p. 10 (La. 1/17/95), 648 So.2d 1296, 1300. “Even those jobs requiring skill fit within the definition of manual labor.” Id., 94-1224, p. 8, 648 So.2d at 1299. This Court previously found that the work of a skilled carpenter was manual labor. Steinfelds v. Villarubia, 10-0975, p. 9 (La. App. 4 Cir. 12/15/10), 53 So.3d 1275, 1281. The Louisiana Supreme Court also created the following list of various jobs exemplifying manual labor: car transporter, car mechanic, skilled carpenter, skilled welder, siding mechanic,- house painter, and -some supervisors. See Riles, 94-1224, pp. 8-9, 648 So.2d at 1299-1300. The Court further explained that “[s]kill affects the quality of any work, and it is acquired through experience and innate ability,” Id., 94-1224, p. 9, 648 So.2d at 1300. “Skill can be a function of both physical labor' and mental work.” Id. The Court reasoned • that “a person *472 should not be precluded from receiving worker’s compensation coverage solely because his physical effort is skilled and therefore superior to the effort of other workers.” Id. Finally, the Court stated that “[i]t is the hands-on feature of labor combined with the strenuous quality of the work which determines whether a task is manual or not.” Id., 94-1224,p. 10, 648 So.2d at 1300.
We find that the workers’ compensation court judge erred by failing to consider whether Mr. Martinez’s work fell within the manual labor exception.

Substantial Portion

Once a workers’ compensation court finds that the manual labor exception applies, the court must then determine whether the claimant spent a substantial portion of his work time performing same. “This term has been liberally construed, and it is not a mathematical formulation.” Riles, 94-1224, p. 10, 648 So.2d at 1300. “While in some legal senses ‘substantial’ indeed has the signification of the larger part, such as in ‘substantial compliance’, legally the words ‘substantial part’ also are used not as a term of mathematical precision, but also so as to mean the converse of insubstantial or immaterial.” Welch v. Newport Indus., Inc., 86 So.2d 704, 706 (La. App. 1st Cir. 1956).

Trade, Business, or Occupation

Lastly, if the claimant performs manual labor for a substantial amount of time, he is entitled to workers’ compensation benefits if his work was part of the principal’s trade, business, or occupation. “La. R.S. 23:1061(A)(1), as last amended in 1997, provides that ‘work shall be considered part of the principal’s trade, business, or occupation if it is an. integral part of or essential to the ability oH7 the principal to generate that individual principal’s goods, products, or services.’” Moldonado-Mejia, 15-0859, p. 7, 194 So.3d at 1141 (quoting La. R.S. 23:1061(A)(1)). These terms have been interpreted liberally. Maldonado-Mejia, 15-0859, pp. 7-8, 194 So.3d at 1141. The issue “is a factual issue which must be determined under the circumstances of each case.” Lushute v. Diesi, 354 So.2d 179, 183 (La. 1977). “It is generally recognized that the definition provided in the 1997 amendment to La. R.S. 23:1061 mandated a more liberal interpretation of the statutory employer relationship.” Steinfelds, 10-0975, p. 10, 53 So.3d at 1282.
Given the above requirements to receive workers’ compensation benefits as an independent contractor, we find that the workers’ compensation court erred by failing to examine whether Mr. Martinez was entitled to benefits under the manual labor exception.

REMAND

The Louisiana Supreme Court found that “[t]he authority for an appellate court to remand a case to the trial court for proper consideration, where it is necessary to reach a just decision and to prevent a miscarriage of justice, is conferred by La. C.C.P. art. 2164.” Wegener v. Lafayette Ins. Co., 10-0810, 10-0811 (La. 3/15/11), 60 So.3d 1220, 1233-34. “Whether a particular case should be remanded is a matter which is vested largely within the court’s discretion and depends upon the circumstances of the case.” Wegener, 10-0810, 10-0811, p. 20, 60 So.3d at 1234. “[I]t is also true that, within reasonable limits, the plaintiff in a compensation case should be accorded the fullest opportunity to establish his claim in order to avoid injustice.” Williams v. New Orleans Paper Box Co., 185 So.2d 109, 113 (La. App. 4th Cir. 1966).
*473 The workers’ compensation court ended the analysis of whether Mr. IsMartinez was entitled to workers’ compensation benefits prematurely. Having found that Mr. Martinez was an independent contractor, the workers’ compensation court judge was then required to examine whether Mr. Martinez was engaged in manual labor for a substantial amount of time that was also a part of Mr. Rames’ trade or business. The entitlement to workers’ compensation benefits is the sole component of Mr. Martinez’s case. Given the specific facts and circumstances in this case, we find that a remand is required. Like the Louisiana Supreme Court in Weg-ener, we find that “the interest of justice would be best served by remanding this case for a new trial.” Wegener, 10-0810, 10-0811, p. 20, 60 So.3d at 1234. Accordingly, the judgment of the workers’ compensation court is vacated, and the matter is remanded for further proceedings consistent with this opinion.

DECREE

For the above-mentioned reasons, we find that the workers’ compensation court erred by prematurely concluding its analysis with the determination that Mr. Martinez was an independent contractor and not entitled to workers’ compensation benefits. As such, the workers’ compensation court’s judgment is vacated, and the matter is remanded for further proceedings consistent with this opinion.
VACATED AND REMANDED

. Mr. Martinez does not challenge the workers’ compensation court judge’s finding that he was an independent contractor.