# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-853

**LAWRENCE JOHNSON**

**VERSUS**

**STATE OF LOUISIANA,**
**OFFICE OF TOURISM**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 17-03236
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, John E. Conery, and Jonathan W. Perry, Judges.

**REVERSED AND REINSTATED.**

**David E. Boraks**
**Assistant Attorney General**
**900 Murray Street, Suite B-100**
**Alexandria, Louisiana  71301**
**(318) 487-5944**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **State of Louisiana - Office of Tourism**

**Lawrence Johnson**
**In Proper Person**
**4610 Old Boyce Road**
**Alexandria, Louisiana  71303**
**PRO SE CLAIMANT/APPELLEE:**
     **Lawrence Johnson**

**CONERY, Judge.**

The State of Louisiana – Office of Tourism (State), the employer in this workers' compensation case, appeals the Workers' Compensation Judge's (WCJ) handwritten Order of October 28, 2019, reinstating Claimant Lawrence Johnson's Disputed Claim for Compensation (Form 1008). Mr. Johnson's claim was previously dismissed with prejudice by the WCJ in an Order dated August 27, 2019, which became a final judgment. For the following reasons, we vacate and annul the October 28, 2019 handwritten Order of the WCJ, and reinstate the August 27, 2019 Order of the WCJ dismissing Mr. Johnson's Form 1008 claim with prejudice.[1]

## FACTS AND PROCEDURAL HISTORY

Mr. Johnson filed his Form 1008 through his attorney on May 30, 2017. In his Form 1008, he claimed that he suffered an ischemic stroke while getting a ladder out of a maintenance storage closet. The State filed its answer on July 14, 2017 and, on October 19, 2017, propounded both Interrogatories and Requests for Production of Documents to Mr. Johnson through his attorney by certified mail. The State again sent the same discovery requests to Mr. Johnson's attorney via email on February 27, 2018. A Rule 10.1 conference was scheduled for March 5, 2018, and still the discovery responses were never received. The State filed a motion to compel, seeking to obtain responses to their discovery requests. The WCJ set a hearing on the State's motion on May 14, 2018 but, by agreement of the parties, the hearing was continued, and a telephone conference was scheduled.

However, on July 24, 2018, Mr. Johnson's attorney filed a motion to withdraw as counsel of record, which included a letter sent to his client, Mr. Johnson. In said

---

[1] Mr. Johnson did not file a brief in response to the State's appeal.

correspondence, Mr. Johnson's attorney explained that his treating physician had indicated that "under no circumstances could he testify, more likely than not, the stroke was associated with your work environment." Mr. Johnson's former attorney further stated, "considering we do not have a physician that will associate the stroke with your work environment, in my legal opinion, you do not have a valid claim for Worker's Compensation Benefits." Mr. Johnson was advised to seek new counsel but, despite having claimed he would do so, has chosen to represent himself *pro se*. Mr. Johnson's Form 1008 claim was filed pursuant to La.R.S. 23:1021(8)(e), which contains a heightened burden of proof,[2] and the correspondence from his attorney is especially relevant to that issue.

The WCJ set a telephone conference for October 10, 2018. The WCJ also set a hearing date for November 5, 2018, requiring Mr. Johnson's attendance at the offices of Office of Workers' Compensation 02 (OWC 02). Mr. Johnson failed to attend either the telephone conference or the hearing. Accordingly, on November 5, 2018, the WCJ issued a Judgment of Dismissal, without prejudice, which allowed Mr. Johnson to seek to have his Form 1008 claim reinstated within thirty days for good cause shown.

---

[2] Louisiana Revised Statutes 23:1021(8) (third emphasis added) provides as follows:

(e) **Heart-related or perivascular injuries**. A **heart-related or perivascular injury**, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by **clear and convincing evidence** that:

(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and

(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of **the heart-related or perivascular injury**, illness or death.

On the last day of the allotted thirty-day period, December 4, 2018, Mr. Johnson filed a letter explaining his absence from the telephone conference and the hearing and requested that his Form 1008 claim be re-opened. The WCJ granted this request, but Mr. Johnson failed to conduct any discovery that could support his entitlement to benefits pursuant to his burden of proof required under La.R.S. 23:1021(8)(e).

On April 29, 2019, the State filed a motion to reset its original motion to compel, previously filed on April 23, 2018. Following a hearing on May 13, 2019, the WCJ ordered that Mr. Johnson provide responses to the State's discovery requests on or before May 28, 2019. No responses from Mr. Johnson were forthcoming.

The State then repeatedly attempted to obtain the requested discovery responses from Mr. Johnson from June 19, 2019 until August 20, 2019. The ultimate outcome was that Mr. Johnson failed to provide the name of any physician who had treated him prior to the alleged accident, or to verify the limited discovery responses provided to the State.

On August 27, 2019, the State filed a motion to dismiss based on Mr. Johnson's failure to "participate in discovery and provide complete discovery responses as ordered" by the WCJ on May 13, 2019. In its motion in support of the motion to dismiss, the State clearly demonstrated that, although Mr. Johnson did provide some written responses, he failed to identify any health providers who had treated him prior to the accident. The State indicates this deficiency was only discovered after they had subpoenaed the records of the health care providers named by Mr. Johnson.

3

In response to the State's motion to dismiss, the WCJ signed an Order of Dismissal with prejudice on August 27, 2019, which stated as follows:

**IT IS ORDERED, ADJUDGED AND DECREED** that the defendant's Motion to Dismiss is GRANTED and the Disputed Claim for Compensation (Form 1008) filed by plaintiff, LAWRENCE JOHNSON, is hereby **DISMISSED WITH PREJUDICE**.

On October 28, 2019, Mr. Johnson filed a letter with the OWC 02 office requesting that his case be re-opened. The letter included a list of five hospitals located in Chicago, Illinois. No physicians' names were given, and Mr. Johnson stated in his letter that he was treated by staff doctors, but that he could not "recall their names or my reasons for being seen." He further stated that he was financially unable to get more information from the listed hospitals.

In response to Mr. Johnson's letter, the WCJ drafted a handwritten ORDER on Mr. Johnson's letter which provided as follows, "Claimant, Lawrence Johnson's, case is hereby reinstated. Alexandria, La. This 28th day of October 2019. James L. Braddock."

The State has timely appealed the WCJ's handwritten Order. The State contends that the WCJ could not reinstate Mr. Johnson's claim on October 28, 2019 after having issued an August 27, 2019 Order of Dismissal, dismissing Mr. Johnson's Form 1008 claim for workers' compensation benefits with prejudice. The State assigns the following as error.

## ASSIGNMENTS OF ERROR

1. The lower court erred by purporting to sign an Order reinstating Plaintiff-Appellee's workers' compensation claim after previously signing a final judgment that dismissed this claim with prejudice. As the trial court committed legal error in issuing a subsequent order purporting to substantively alter a previous final judgment, the standard of review is de novo.

4

2. The lower court violated the clear provisions of La.C.C.P. art. 1951 by signing a subsequent Order which attempts to substantively alter a previously issued final judgment. As the trial court committed legal erroring issuing a subsequent order purporting to substantively alter a previous final judgment, the standard of review is de novo.

## LAW AND DISCUSION

### Standard of Review

Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. *Smith v. La. Dep't of Corr.*, 93-1305 (La. 2/28/94), 633 So.2d 129. Nevertheless, "when legal error interdicts the fact-finding process in a workers' compensation case, the manifest error or clearly wrong standard of review no longer applies and *de novo* review of the matter is required." *Gaines v. Home Care Solutions, LLC*, 15-895, p. 9 (La.App. 4 Cir. 4/6/16), 192 So.3d 794, 801 (citing *Marti v. City of New Orleans*, 12-1514 (La.App. 4 Cir. 4/10/13), 115 So.3d 541), *writ denied*, 16-847 (La. 6/17/16), 192 So.3d 765. "'Likewise, interpretation of statutes pertaining to workers' compensation is a question of law and warrants *de novo* review to determine if the ruling was legally correct.'" *Id.* (quoting *Tulane Univ. Hosp. & Clinic v. Lockheed Martin Corp.*, 11-179, p. 3 (La.App. 4 Cir. 6/29/11), 70 So.3d 988, 990).

Accordingly, we find that there are no issues of fact to be determined in this matter. The main issue before this court is the application of La.Code Civ.P. art. 1951 to the subsequent handwritten October 28, 2019 Order issued by the WCJ purporting to reinstate Mr. Johnson's Form 1008 claim. Therefore, we will review this case *de novo*.

### Assignment of Error Two – Louisiana Code of Civil Procedure Article 1951

In its assignment of error two, the State argues that the WCJ made a substantive change in the Order of Dismissal of August 27, 2019, which is not

allowed pursuant to La.Code Civ.P. art. 1951 (emphasis added), which now provides as follows:

> On motion of the court or any party, **a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation**. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received. (emphasis added.)

The statute is clear that in order to amend the previous Order of Dismissal, the WCJ is required to hold a hearing with notice to all parties, unless all parties consented "or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received." *Id*.

The record does not reflect that Mr. Johnson sought relief by the filing of a motion for new trial or an appeal of the August 27, 2019 Order of Dismissal which dismissed his case with prejudice. Mr. Johnson's only response was his letter, seeking reinstatement of his Form 1008 claim, submitted to the WCJ on October 28, 2019, upon which the Order at issue was handwritten by the WCJ. Further, the record is also clear that no hearing or notice to the parties was held by the WCJ before the signing of the October 28, 2019 Order purporting to reinstate Mr. Johnson's Form 1008 claim, previously dismissed with prejudice on August 27, 2019.

In *LaBove v. Theriot*, 597 So.2d 1007, 1010 (La.1992), the supreme court cited longstanding jurisprudence which dictated that "the amendment of the original judgment, which purported to reinstate a suit previously dismissed with prejudice, was one of substance, and therefore not permissible under La.Code Civ.P. art. 1951."

Accordingly, without proceeding under the jurisprudential or procedural requirements of La.Code Civ.P. art. 1951, the WCJ was without authority to reinstate Mr. Johnson's Form 1008 claim by virtue of the handwritten October 28, 2019 Order, and thus the October 28, 2019 Order is an absolute nullity. *LaBove*, 597 So.2d 1007.

## CONCLUSION

For the reasons assigned, it is ordered that the WCJ's October 28, 2019 Order is declared an absolute nullity, and the August 27, 2019 Order of Dismissal is hereby reinstated as the final judgment of the WCJ in this matter thereby dismissing with prejudice Lawrence Johnson's Disputed Claim for Compensation for workers' compensation benefits against the State of Louisiana – Office of Tourism. All costs of this appeal are assessed to Lawrence Johnson.

**REVERSED AND REINSTATED.**