| | | |
|---|---|---|
| HERO LANDS COMPANY, L.L.C. | * | NO. 2022-CA-0383 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| CHEVRON U.S.A. INC.; | | FOURTH CIRCUIT |
| TOTAL PETROCHEMICALS | * | |
| & REFINING USA, INC.; | | STATE OF LOUISIANA |
| PIONEER NATURAL | * * * * * * * | |

CHEVRON U.S.A. INC.; TOTAL PETROCHEMICALS & REFINING USA, INC.; PIONEER NATURAL RESOURCES, INC.; KEY OPERATING & PRODUCTION COMPANY, L.L.C.; KEY EXPLORATION COMPANY; WAGNER OIL COMPANY; HILCORP ENERGY I, L.P.; MANTI OPERATING COMPANY; AND HENDERSON OIL COMPANY, INC.

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 64-320, DIVISION "A"
Honorable Kevin D. Conner, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Paula A. Brown, Judge Rachael D. Johnson)

**ON REMAND FROM THE LOUISIANA SUPREME COURT**

James Richard Swanson
Harvey S. Bartlett, III
Lance C. McCardle
E. Blair Schilling
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue
Suite 4600
New Orleans, LA 70170-4600

Gladstone N. Jones, III
Bernard E. Boudreaux, Jr.
Kevin E. Huddell
Emma Elizabeth Antin Daschbach
John T. Arnold
JONES SWANSON HUDDELL DASCHBACH LLC
601 Poydras Street

Suite 2655
New Orleans, LA 70130

Stephen Jacob Braud
BALLAY, BRAUD & COLON, PLC
8114 Highway 23
Suite 101
Belle Chasse, LA 70037

COUNSEL FOR PLAINTIFF/APPELLEE

Michael R. Phillips
Claire E. Juneau
Jeffrey J. Gelpi
KEAN MILLER LLP
909 Poydras Street
Suite 3600
New Orleans, LA 70112

L. Victor Gregoire, Jr.
Richard D. McConnell, Jr.
John C. Funderburk
KEAN MILLER LLP
400 Covention Street
Suite 700
Baton Rouge, LA 70802

Robert E. Meadows (pro hac vice)
Tracie J. Renfroe (pro hac vice)
Elizabeth R. Taber (pro hac vice)
Mitchell B. Bryant (pro hac vice)
KING & SPALDING, LLP
1100 Louisiana Street
Suite 4000
Houston, TX 77002

Martin A. Stern
Raymond P. Ward
Alexandra R. Lamb
ADAMS AND REESE LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

COUNSEL FOR DEFENDANT/APPELLANT

**REMANDED WITH INSTRUCTIONS**

**NOVEMBER 9, 2023**

*SCJ*
*PAB*
*RDJ*

This matter is before the Court on remand from the Louisiana Supreme Court, which granted in part a writ filed by Chevron from this Court's prior appellate decision, *Hero Lands Co., L.L.C. v. Chevron U.S.A., Inc., et al.*, 22-0383 (La. App. 4 Cir. 5/22/23), -- So.3d --, 2023 WL 3579049 ("*Hero I*"). In our prior decision, considering Chevron's appeal of the trial court's award of attorney fees and costs in favor of Hero Lands Company, L.L.C. ("Hero"), pursuant to La. R.S. 30:29(E), this Court found no merit in Chevron's argument that the trial court erred in awarding fees and costs incurred by Hero in pursuit of claims against other defendants who settled or were dismissed from this suit before trial. *Hero I*, 22-0383, p. 20, -- So.3d at --. However, the Louisiana Supreme Court, granting in part the writ filed by Chevron, found this Court's conclusion on that argument to be an erroneous interpretation of the Louisiana Supreme Court's decision in *Sweet Lake Land & Oil Co., LLC v. Oleum Operating Co., L.C.*, 22-0497 (La. 9/20/22),

1

345 So.3d 1022, and the Third's Circuit's application of that decision in *Sweet Lake Land & Oil Co., LLC v. Oleum Operating Co., L.C.*, 21-0169 (La. App. 3 Cir. 12/7/22), 354 So.3d 740, *writ denied*, 23-0034 (La. 3/7/23). *Hero Lands Co., L.L.C. v. Chevron U.S.A., Inc., et al.*, 23-01050 (La. 10/10/23), -- So.3d --, 2023 WL 6567875 ("*Hero II*"). Specifically, the Louisiana Supreme Court found that we erred in holding that Chevron is responsible for paying attorneys' fees and costs incurred in plaintiff's pursuit of claims against defendants other than Chevron. Consequently, the Louisiana Supreme Court remanded this matter to our Court "to correct its calculation of the fees and costs owed by Chevron U.S.A., Inc. to plaintiff consistent with this ruling."[1] *Hero II*, 23-01050, p. 1, -- So.3d. at --.

Thus, on remand, this Court has been tasked with reviewing the record to distinguish the fees and costs incurred by Hero in pursuit of claims against defendants other than Chevron and to deduct those from the award determined by this Court's prior decision. But, upon review of the billing statements from the law firms representing Hero contained in the record of this appeal, this Court finds that there is insufficient information to accurately distinguish the fees and costs incurred in pursuit of claims against defendants other than Chevron. Therefore, for the following reasons, this Court remands this matter to the trial court for an evidentiary hearing to determine as accurately as possible the amount of fees and costs incurred by Hero in pursuit of claims against other defendants to be deducted from this Court's amended award of attorney fees and costs determined in *Hero I*.

---

[1] As to all other claims raised by Chevron on writ taken from this Court's decision, the Louisiana Supreme Court denied the writ. *Hero II*, 23-01050, p. 1, -- So.3d at --.

2

**DISCUSSION**

Whether on direct appeal or on remand from the Louisiana Supreme Court, pursuant to La. C.C.P. art. 2164, "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Generally, the appellate court will not adjudicate issues not ruled upon by the trial court unless it has all of the facts and testimony and is able to pronounce with certainty on the case. *Terry v. Terry*, 06-1406, p. 9 (La. App. 1 Cir. 3/28/07), 954 So.2d 790, 796. But, La. C.C.P. art. 2164 further confers upon this Court the authority "to remand a case to the trial court for proper consideration, where it is necessary to reach a just decision and to prevent a miscarriage of justice." *Martinez v. Rames*, 16-1312, p. 7 (La. App. 4 Cir. 7/12/17), 224 So.3d 467, 472 (quoting *Wegener v. Lafayette Ins. Co.*, 10-0810, 10-0811 (La. 3/15/11), 60 So.3d 1220, 1233-34). Thus, after review, if the appellate court "finds that the interests of justice dictate that further evidence is required for the proper adjudication of the case, then the appellate court should remand the case to the trial court." *Terry*, 06-1406, p. 9, 954 So.2d at 796.

The matter before this Court on remand is a purely factual determination and calculation of the amount of attorney fees and costs incurred by Hero in pursuit of claims against defendants other than Chevron. We acknowledge that the record contains all of the billing statements from the three law firms representing Hero in this case. But, even in a line-by-line review by this Court, we find several billing items that require further explanation to determine whether the hours expended related to the claims against other defendants, Chevron, or both. For example,

3

there are numerous entries related to the depositions of witnesses; but, given that the record of this appeal does not include the entire record of the suit filed against Chevron and the other defendants, this Court is unable to determine whether each of those witnesses provided deposition testimony related to the claims against Chevron or other defendants.

We note that, in connection with its opposition to Hero's motion to fix attorney fees and costs, Chevron submitted the affidavit of Ralph A. Litolff, Jr. who was retained by Chevron to examine the billing statements submitted by Hero and, in part, to calculate the number of hours expended by Hero's attorneys in pursuit of claims against other defendants. But, from our own review of the billing statements, we are unable to determine how Mr. Litolff, Jr. arrived at a specific calculation of hours—1,392.05 hours—expended in pursuit of claims against other defendants. Even if we could determine that as the correct number of hours, we cannot calculate the proper deduction without knowing which attorney rates to apply to those hours.

Thus, we find the record before this Court provides insufficient information and evidence for this Court "to correct its calculation of the fees and costs" owed by Chevron to Hero consistent with the Louisiana Supreme Court's ruling and remand order.

## DECREE

For the foregoing reasons, we remand this matter to the trial court to (1) allow briefing and hearing related solely to the factual determination and

calculation of the attorney fees and costs incurred by Hero in pursuit of claims against defendants other than Chevron; (2) make a determination of which attorneys' hours and costs were incurred by Hero in pursuit of claims against defendants other than Chevron; (3) calculate the amount of attorney fees, based on the rates affirmed by this Court's prior opinion, incurred in pursuit of claims against defendants other than Chevron; (4) deduct those fees and costs from the amended award determined by this Court in its prior opinion, *Hero I*, *supra*;[2] and (5) render a final judgment of the correct award of fees and costs owed by Chevron to Hero, consistent with this Court's ruling on remand from the Louisiana Supreme Court.

**REMANDED WITH INSTRUCTIONS**

---

[2] In this Court's prior opinion, we determined the total sum of attorney fees to be paid by Chevron was $3,098,972.66, and the total sum of costs to be $656,937.20. *Hero I*, 22-0383, p. 26, -- So.3d at --. These are the amounts from which the trial court will deduct its calculation of attorney fees and costs incurred by Hero in pursuit of defendants other than Chevron.